IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CRYSTA E. GULLEDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:26-cv-383-ECM |
| | ) | [WO] |
| RACHEAL O. MATTHEW, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

## I. INTRODUCTION

On May 21, 2025, two cars collided on Highway 165 in Phenix City, Alabama. (Doc. 1 at 2–3, paras. 5–10).[1] One year later, the Plaintiff brought this suit—in this district—alleging that the Defendant's conduct on the roadway was negligent per se (Count I), negligent and reckless (Count II), and willful and wanton (Count III). (Doc. 1 at 3–9, paras. 11–27). The Plaintiff premised jurisdiction on 28 U.S.C. § 1332, noting that the parties were completely diverse and the amount in controversy exceeded $75,000. (*Id.* at 1–2, paras. 1–3). In support of diversity jurisdiction, the Plaintiff contended that she was an Alabama citizen and the Defendant was a Georgia citizen. (*Id.*).

On September 22, 2026, the Defendant answered the Plaintiff's complaint and denied the Plaintiff's citizenship allegations. (Doc. 9 at 1, paras. 1–3). In her conflict disclosure statement, the Defendant stated that she is an Alabama citizen. (Doc. 10 at 2,

[1] For clarity, the Court refers to the document and page numbers generated by CM/ECF.

para. 2). Considering this disagreement, the Court ordered the parties to submit separate briefs regarding the Court's subject matter jurisdiction.[2] (Doc. 11 at 2, para. 1). With the benefit of time, the Plaintiff and the Defendant now agree that the Defendant was an Alabama citizen at filing—destroying complete diversity. After careful consideration of the applicable law and the parties' briefing, the Court finds that the parties were not and are not completely diverse. Thus, the Court lacks subject matter jurisdiction, and this case is due to be dismissed without prejudice.

## II. LEGAL STANDARD

This Court, like all federal courts, is a "court[] of limited jurisdiction" and "possess[es] only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Subject-matter jurisdiction may be challenged at any point in the litigation by the parties or raised *sua sponte* by the Court. *Fort Bend Cnty. v. Davis*, 587 U.S. 541, 548 (2019) ("Unlike most arguments, challenges to subject-matter jurisdiction may be raised by the defendant 'at any point in the litigation,' and courts must consider them *sua sponte*." (emphasis in original) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012))); *see also Univ. S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.") (emphasis in original).

[2] The Court also ordered the parties to respond to the opposing parties' briefing on or before October 28, 2026. (Doc. 11 at 2, para. 2). The parties did not submit briefing and failed to fully comply with the Court's Order.

"Federal courts are vested with original diversity jurisdiction over claims between citizens of different states where the amount in controversy exceeds $75,000." *DeBose v. Ellucian Co., L.P.*, 802 F. App'x 429, 431 (11th Cir. 2019) (per curiam)[3] (citing 28 U.S.C. § 1332(a)(1)). "For federal diversity to attach, 'all plaintiffs must be diverse from all defendants.'" *Id.* (quoting *Univ. S. Ala.*, 168 F.3d at 412). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam)). "And domicile requires both residence in a state and 'an intention to remain there indefinitely . . . .'"). *Id.* (quoting *McCormick*, 293 F.3d at 1258). "Of course, if . . . there is no diversity of citizenship, the district court must dismiss the action." *Variable Annuity Life Ins. Co. v. Adel*, 197 F. App'x 905, 906 (11th Cir. 2006) (per curiam) (quoting *Am. Motorists Ins. Co. v. Am. Emps.' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979) (per curiam)).[4]

## III. DISCUSSION

The parties now agree that at the time of filing the complaint, the Defendant—just like the Plaintiff—was an Alabama citizen. *See PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016) ("Again, diversity jurisdiction is determined at the time of filing the complaint or, if the case has been removed, at the time of removal."). The Defendant states that she "occasionally resides in Douglasville, Georgia and maintains a

---

[3] The Court here, and elsewhere in this Opinion, cites to nonbinding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.

mailing address there."[5] (Doc. 13 at 1, para. 1). Assuming the veracity of the Defendant's statements, infrequent overnight stays in Georgia do not establish citizenship. Instead, domicile requires both residence in a state and "an intention to remain there indefinitely . . . ." *McCormick*, 293 F.3d at 1258. The parties do not contend that the Defendant intends to remain in Georgia. Thus, both parties agree that the Defendant qualifies as an Alabama citizen for purposes of diversity—destroying complete diversity. (*See* doc. 12 at 2–3, para. 6; doc. 13 at 1, para. 2).

Indeed, the parties also agree that there is no other basis for federal subject matter jurisdiction. (*See* doc. 12 at 2, para. 4 ("Because diversity jurisdiction does not exist – and there is no federal question or other specific statutory grant of jurisdiction applicable to [the] Plaintiff's claims – this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a).")). Accordingly, the Court is left without a jurisdictional hook and dismisses this action. *See Adel*, 197 F. App'x at 906.

## IV. CONCLUSION

For the reasons stated, it is hereby ORDERED as follows:

1. This case is DISMISSED without prejudice for lack of subject matter jurisdiction.

2. All pending motions are DENIED as moot, and all pending deadlines and hearings are terminated.

[5] The Defendant's contentions are unsworn and contained in her brief. *See Travaglio*, 735 F.3d at 1269 ("Even if an assertion of primary residence by itself could suffice, we have never held that an unsworn statement in a brief, alone, can demonstrate a party's citizenship for purposes of establishing diversity jurisdiction.").

3. The Clerk of the Court is DIRECTED to close this case.

4. A separate final judgment will issue.

DONE this 3rd day of November, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE